[No. B142040. Second Dist., Div. Seven. Aug. 24, 2000.]

LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
REBECCA H., Real Party in Interest.

**COUNSEL**

Lloyd W. Pellman, County Counsel, and Pamela Soncini, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**THE COURT.**\*— ■ By petition for a writ of mandate, the Los Angeles County Department of Children and Family Services (Department) challenges the juvenile court's order reinstating the parental rights of

*Before Lillie, P. J., Johnson, J., and Woods, J.

Rebecca H., the mother of a child who has been declared a dependent of the court. The record provided in support of the petition establishes the Department is entitled to relief.

At a single proceeding, a hearing for the selection and implementation of a permanent plan (Welf. & Inst. Code, § 366.26) for Jonus S., the juvenile court terminated the parental rights of Jonus's father and of his mother, real party in interest Rebecca H. The father appealed. Rebecca did not appeal. In the father's appeal, this court reversed the order terminating his parental rights on the ground he was not properly noticed of the selection and implementation hearing. On remand, the juvenile court reinstated the father's parental rights and Rebecca's parental rights as well. This was error, as only the father's parental rights should have been reinstated. As explained in rule 1463(g) of the California Rules of Court, the purpose of termination of parental rights is to free the dependent child for adoption. Accordingly, "the court shall not terminate the rights of only one parent." However, the rule proceeds to provide an exception, permitting the termination of the rights of only one parent when "the rights of the other parent have been terminated by a California court of competent jurisdiction."

In this case, the juvenile court initially terminated the parental rights of both parents, in a single proceeding as required by California Rules of Court, rule 1463. On the father's appeal, we ordered his rights to be reinstated. At this point, Rebecca's rights had been "terminated by a California court of competent jurisdiction," and the order terminating her rights could not be set aside by the juvenile court absent an appeal by Rebecca. (Welf. & Inst. Code, § 366.26, subd. (i); *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1161 [65 Cal.Rptr.2d 913] ["This statute forbids alteration or revocation of an order terminating parental rights except by means of a direct appeal from the order"].) And, one parent, here, Rebecca, cannot benefit from an error in terminating the other parent's rights "so as to make into error an errorless termination of *her* parental rights." (*In re Caitlin B.* (2000) 78 Cal.App.4th 1190, 1194 [93 Cal.Rptr.2d 480], italics in original.)

We have followed the procedures and given the notice described in *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183 [203 Cal.Rptr. 626, 681 P.2d 893]. There are no disputed factual issues, the legal error is clear, and the matter should be expedited. A peremptory writ in the first instance is thus appropriate. (Code Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].)

Let a peremptory writ of mandate issue directing the respondent to vacate that part of its order of May 1, 2000, reinstating the parental rights of real party in interest Rebecca H.

On September 18, 2000, the opinion was modified to read as printed above.