[No. B146018. Second Dist., Div. Three. Oct. 12, 2001.]

In re VINCENT S., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Plaintiff and Respondent, v.
SUSAN S., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions deleted are noted by the insertion of the following symbol of omission [[]].

**COUNSEL**

Konrad S. Lee for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, and Doraine F. Meyer, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**ALDRICH, J.—**

### INTRODUCTION

Mother, Susan S., appeals from the order terminating her parental rights over Vincent S. (Welf. & Inst. Code,[1] § 366.26.) We hold that the court committed procedural error because California Rules of Court, rule 1463(a) prohibits the juvenile court from terminating the rights of one parent at a time. However, because the parental rights of father, Charles C., were terminated in a later proceeding and father abandoned his appeal of that order, the error was harmless. Accordingly, we affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

Mother has a history of drug use and contacts with law enforcement. Father was incarcerated and has had no contact with the child. On February

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise noted.

12, 1999, mother left then two-month-old Vincent in a parked car while she entered a store. Mother was arrested after attempting to exchange for a cash refund merchandise she had not purchased. At the time, she possessed an altered driver's license.

Vincent was declared a ward of the court pursuant to section 300, based on a petition which alleged that mother placed the child in an endangering situation, was incarcerated, tested positive for methamphetamine, and had another child who was currently a dependent of the court.[2] Father, the petition further alleged, was incarcerated and unable to care for Vincent.

Mother filed a petition for extraordinary writ under section 366.26, subdivision (*l*) and California Rules of Court, rule 39.1B, challenging the juvenile court's order denying family reunification services and setting the matter for a selection and implementation hearing. (§ 366.26.) This court filed an opinion on August 8, 2000, denying mother's petition.

Meanwhile, father signed a form "Waiver of Notice of Hearing" waiving notice of the permanency planning hearing, scheduled for May 15, 2000. Added to the bottom of the form was "I also hereby waive notice to any and all future hearings and I request the court hold future hearings without me."

The contested selection and implementation hearing began on November 13, 2000. Mother appeared but father did not. Aware of a notice issued to father two months earlier, the court asked the parties to discuss father's waiver. The court learned that the Los Angeles County Department of Children and Family Services (the Department) had sent notice of the hearing to father at his residential treatment program, but that father had earlier left the program without authorization and without leaving a forwarding address. Father's whereabouts were unknown.

Mother's counsel represented that mother wanted to continue the section 366.26 contest "if notice is not good for the father, and not terminate *her* parental rights *as of today*. [¶] . . . . But she would not wish to go forward unless the Court finds good notice on behalf of the father." (Italics added.)

In the ensuing discussion, the parties argued whether the court was authorized to terminate the parental rights of one parent at a time. The court ordered that father be renoticed, by publication if necessary, and proceeded with mother's contested hearing. Mother objected again, but to no avail.

After the hearing, finding that Vincent was likely to be adopted, the court terminated mother's parental rights. The court then rescheduled father's

---

[2]The child, Jennifer, is not a party to this appeal.

section 366.26 hearing in time to allow the Department to provide father with the necessary notice. Mother filed her appeal.

After two continuances, the section 366.26 hearing as to father was held on April 26, 2001. Father was present and the court terminated his parental rights.

DISCUSSION

[[]]*

■ Mother contends that the court committed reversible error when it terminated her parental rights in a proceeding separate from the one in which father's rights were terminated.

California Rules of Court, rule 1463(a) requires that termination of both parents' rights occur in one proceeding. (*In re Caitlin B.* (2000) 78 Cal.App.4th 1190, 1194 [93 Cal.Rptr.2d 480].) In pertinent part, rule 1463(a) states, "The court may not terminate the rights of only one parent under section 366.26 unless that parent is the only surviving parent, or the rights of the other parent have been terminated under former Civil Code section 224 . . . . or the other parent has relinquished custody of the child to the welfare department."

Analogous to a compulsory joinder provision (*In re Joshua M.* (1997) 56 Cal.App.4th 801, 808 [65 Cal.Rptr.2d 748]), this rule reflects a change from the former statutory scheme in which parents' rights could be terminated in separate proceedings. (*Ibid.*) The stated purpose of this rule is to "free the [dependent] child for adoption." (Cal. Rules of Court, rule 1463(g).)

It is clear that the court committed a procedural error under California Rules of Court, rule 1463(a) when it terminated mother's rights in a hearing separate from the hearing in which the father's rights were terminated. However, father's parental rights *were terminated* five months later and so now the rights of both parents have been severed and the child is free for adoption. Moreover, mother has not challenged the termination of her parental rights on any *substantive* ground and father abandoned his appeal. Therefore, we conclude with certainty, even under the most stringent test of prejudice applicable, that no different result would have obtained had the court continued mother's section 366.26 hearing until father had received adequate notice. Accordingly, remand for another hearing would constitute an idle act; and the law does not require idle acts. (See Civ. Code, § 3532;

*See footnote, *ante*, page 1090.

*Letitia V. v. Superior Court* (2000) 81 Cal.App.4th 1009, 1016 [97 Cal.Rptr.2d 303]; see *Andrea L. v. Superior Court* (1998) 64 Cal.App.4th 1377, 1387 [75 Cal.Rptr.2d 851] [refusal to reverse for a contested hearing because idle act and no prejudice arose from error].)[3]

## DISPOSITION

The order is affirmed.

Klein, P. J., and Croskey, J., concurred.

· A petition for a rehearing was denied October 25, 2001, and appellant's petition for review by the Supreme Court was denied January 3, 2002.

---

[3]*In re DeJohn B.* (2000) 84 Cal.App.4th 100 [100 Cal.Rptr.2d 649] and *Los Angeles County Dept. of Children & Fam. Services v. Superior Court* (2000) 83 Cal.App.4th 947, 949 [100 Cal.Rptr.2d 172] do not alter our conclusion. In both cases, after the trial court terminated the rights of the parents in a single proceeding, the appellate court reinstated one parent's rights. These two cases disagree about whether, after the rights of one parent are restored, California Rules of Court, rule 1463 obligates the reinstatement of the other parent's rights. (*In re DeJohn B., supra,* at p. 110 [reinstatement of one parent's rights requires reestablishment of the other's rights]; *Los Angeles County Dept. of Children & Fam. Services, supra,* at p. 949 [reinstatement of one parent's rights does not require reestablishment of the other's rights].) We are not reinstating the rights of either parent and so these cases are inapposite.