[No. D057412. Fourth Dist., Div. One. Oct. 20, 2010.]

In re A.L. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
E.L. et al., Defendants and Respondents;
A.L. et al., Appellants.

**COUNSEL**

Suzanne F. Evans, under appointment by the Court of Appeal, for Appellants.

John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Tahra C. Broderson, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

## OPINION

**McDONALD, J.**—Minors A.L. and M.L. (together, the minors) appeal a juvenile court order finding the parental rights of their father, E.L., were not reinstated along with the parental rights of their mother, L.L., when, on L.L.'s appeal, this court reversed orders denying L.L.'s Welfare and Institutions Code[1] section 388 petition. We hold the juvenile court erred by finding E.L.'s parental rights were not reinstated. As we shall explain, when this court reversed the order denying L.L.'s petition, it necessarily vacated the subsequent section 366.26 hearing and the orders terminating parental rights of both parents. Accordingly, we reverse the order.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2007, the San Diego County Health and Human Services Agency (the Agency) petitioned on behalf of three-month-old M.L. under section 300, subdivision (e), and on behalf of one-year-old A.L. under section 300, subdivision (j), alleging M.L. had suffered severe physical abuse, including a spiral fracture of her femur and fractures of her clavicle and ribs, inflicted by her parents. Doctors concluded the injuries were the result of nonaccidental trauma. Each parent denied abusing M.L. The minors were taken into protective custody and the court ordered them detained.

In August 2007, the court found the allegations true, removed custody from E.L. and L.L., ordered the minors placed in foster care and ordered reunification services.[2]

L.L. and E.L. participated in services, and L.L. began to change her opinion about how M.L. might have been injured. She said E.L. may have inadvertently hurt M.L. She reported she had separated from him.

At the 18-month review hearing in December 2008, the court terminated E.L.'s and L.L.'s reunification services and set a section 366.26 hearing. It authorized L.L. to have two-hour unsupervised visits with the minors.

The social worker assessed the minors as adoptable. Their foster parents wished to adopt them, and other approved adoptive families were interested in adopting children with the minors' characteristics. The social worker recommended terminating parental rights.

---

[1] Statutory references are to the Welfare and Institutions Code.

[2] During the dependency period L.L. gave birth to twins. The Agency petitioned on behalf of these children. Neither they nor their older half brother are subjects of this appeal.

On April 10, 2009, L.L. petitioned under section 388 requesting placement of the minors with her. She claimed she had completed her therapy goals and had created a safety plan for the minors, and that granting her request would be in their best interests.

The court found L.L. had made the requisite showing on her petition to warrant a hearing and set a combined section 388 hearing and section 366.26 hearing. At the hearing, E.L. stated he no longer wished to participate in the dependency proceedings and asked that he be excused and his attorney be relieved. The court granted his requests. Then, after receiving evidence and hearing testimony and argument, the court denied L.L.'s section 388 petition and terminated parental rights.

L.L. appealed and, in a nonpublished opinion, this court reversed the denial of L.L.'s section 388 petition and termination of parental rights, explaining the juvenile court had used an incorrect standard when considering L.L.'s section 388 petition. (*In re A.L.* (Dec. 11, 2009, D055540) [nonpub. opn.].)

After subsequent hearings, the juvenile court gave the social worker discretion to expand L.L.'s visits. Then, at minors' counsel's request, it held a hearing to consider whether E.L.'s parental rights were reinstated when this court reversed the judgment denying L.L.'s section 388 petition. Minors' counsel argued that if E.L.'s parental rights remain terminated and L.L. successfully reunifies with the minors, L.L. would be unable to pursue military benefits and child support from E.L. The Agency argued that because E.L. did not appeal the termination of his parental rights, this court lacked jurisdiction to reinstate his parental rights when it reversed the judgment. After considering the argument, court records and case law, the juvenile court determined E.L.'s parental rights had not been reinstated as a result of this court's reversal of the judgment.

## DISCUSSION

■ The minors contend the juvenile court erred by finding E.L.'s parental rights were not reinstated by this court's ruling reversing the denial of L.L.'s section 388 petition. They argue the reversal was unqualified and, in effect, voided the entire judgment and returned the case to the stage it was before the denial of L.L.'s section 388 petition and termination of parental rights.

We review this issue de novo. Questions of law that do not involve resolution of disputed facts are subject to de novo review, giving no deference to the superior court's ruling. (*Riverside County Dept. of Public Social Services v. Superior Court* (1999) 71 Cal.App.4th 483, 486 [83 Cal.Rptr.2d 777].)

█ Section 366.26, subdivision (i)(1), provides the appellate court has no power to set aside, change or modify an order terminating parental rights except by appeal. This section states: "Any order of the court permanently terminating parental rights under this section shall be conclusive and binding upon the child, upon the parent or parents and upon all other persons who have been served with citation by publication or otherwise as provided in this chapter. After making the order, the juvenile court shall have no power to set aside, change, or modify it, except as provided in [subdivision (i)(3)],[3] but nothing in this section shall be construed to limit the right to appeal the order."

█ California Rules of Court,[4] rule 5.725(a)(2), provides a court must not terminate the rights of one parent unless that parent is the only surviving parent or the rights of the other parent have been terminated by a court of competent jurisdiction or the other parent has relinquished custody.[5]

The Agency argues section 366.26, subdivision (i)(1), bars reinstatement of E.L.'s parental rights because E.L. did not appeal. Relying on *Los Angeles County Dept. of Children & Fam. Services v. Superior Court* (2000) 83 Cal.App.4th 947 [100 Cal.Rptr.2d 172], it urges that because E.L. did not appeal termination of his parental rights, this court did not have authority to reverse that portion of the judgment. In *Los Angeles County Dept. of Children & Fam. Services*, the Court of Appeal held that because only the father, but not the mother, appealed the termination of parental rights, upon the appellate court's reversal, the juvenile court did not have authority to reinstate the parental rights of the mother, who had not appealed. (*Id.* at p. 949.)

The situation in this case is different. In *Los Angeles County Dept. of Children & Fam. Services v. Superior Court, supra,* 83 Cal.App.4th 947, the father appealed termination of his parental rights. The appellate court held there was error and reversed that order. Here, by contrast, the error occurred, not in the order terminating parental rights, but in the denial of L.L.'s section 388 petition. A decision on L.L.'s section 388 petition was a necessary

---

[3] Section 366.26, subdivision (i)(3), provides that if a child has not been adopted after three years from the date parental rights were terminated and adoption is no longer the permanent plan, the child may petition the court to reinstate parental rights. The subsection was renumbered effective July 1, 2010.

[4] Rule references are to the California Rules of Court.

[5] Rule 5.725(a)(2), states: "The court may not terminate the rights of only one parent under section 366.26 unless that parent is the only surviving parent; or unless the rights of the other parent have been terminated under [provisions of the Family Code]; or unless the other parent has relinquished custody of the child to the welfare department."

antecedent to the holding of the section 366.26 hearing in which the juvenile court would decide permanent plans for the minors.

In the disposition part of the opinion resolving L.L.'s appeal, we reversed the judgment and directed the juvenile court to hold a new section 388 hearing and directed if the court denied the section 388 petition, it was to hold a new section 366.26 hearing. This court stated: "The judgment is reversed. The case is remanded to the juvenile court with directions to hold a new section 388 hearing. At the hearing, the court shall determine whether [L.L.] has established the elements of section 388 by a preponderance of the evidence. If the court denies the section 388 petition, it shall hold a new section 366.26 hearing." (*In re A.L., supra,* D055540 [nonpub. opn.].)

When this court reversed the order denying L.L.'s petition, we necessarily vacated the section 366.26 hearing and the orders from the hearing terminating parental rights and selecting adoption as the permanent plan. This is made clear by our order directing the juvenile court to hold a new section 388 hearing and directing that if it again denies L.L.'s petition, it is to hold a new section 366.26 hearing. The disposition orders presuppose that the orders from the section 366.26 hearing are no longer valid. In short, when this court reversed the order denying L.L.'s petition, it removed the required predecessor to holding the section 366.26 hearing and placed the parties in the posture in which they had been before the section 366.26 hearing was held. (See *In re Alexandria Y.* (1996) 45 Cal.App.4th 1483, 1487, fn. 5 [53 Cal.Rptr.2d 679].)

▮ Rule 5.725(a) and (g) require, with some exceptions, that a court may not terminate the parental rights of only one parent. This is because, as rule 5.725(g) states, "[t]he purpose of termination of parental rights is to free the dependent child for adoption." L.L.'s parental rights are reinstated. The record shows her visits with the minors may have been expanded. Consequently, it appears adoption is no longer the permanent plan. Further, there is no evidence in the record that E.L.'s parental rights to the minors' full siblings had been terminated. Thus, there is no legitimate purpose to be served by leaving the minors without a father and without whatever legal benefits may come to them from E.L. and from the paternal side of their biological family. (See *County of Ventura v. Gonzales* (2001) 88 Cal.App.4th 1120, 1123–1124 [106 Cal.Rptr.2d 461] [the termination of the father's parental rights ended his support obligations].) Because L.L.'s parental rights are reinstated, it is in the minors' best interests that E.L.'s parental rights are also reinstated. (*In re DeJohn B.* (2000) 84 Cal.App.4th 100, 110 [100 Cal.Rptr.2d 649]; *In re Mary G.* (2007) 151 Cal.App.4th 184, 208 [59 Cal.Rptr.3d 703].)

## DISPOSITION

The order is reversed.

Huffman, Acting P. J., and McIntyre, J., concurred.