Filed 6/25/15  In re D.S. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.S. et al., Persons Coming Under the Juvenile Court Law. | B258954 |
| | (Los Angeles County |
| | Super. Ct. No. DK06485) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.L.,<br><br>Defendant and Appellant;<br><br>D.S. et al.,<br><br>Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County. Philip L. Soto, Judge.  Reversed.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

Donna Balderson Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant K.L.

Suzanne Davidson, under appointment by the Court of Appeal, for Appellants D.S. and B.S.

\* \* \* \* \* \*

The juvenile court asserted dependency jurisdiction over infant twins who were healthy and well cared for because their mother and father were using marijuana under a prescription and had been diagnosed with mental illness. K.L. (mother) and the twins argue that there was insufficient evidence that the parents' marijuana use or mental illness placed the twins at substantial risk of serious physical harm. We agree, and reverse the juvenile court's jurisdictional and dispositional orders.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother has been diagnosed with manic depressive disorder and as bipolar with split personality, and has anxiety attacks and seizures. Y.S. (father) was diagnosed as a child with bipolar disorder, schizophrenia, depression and attention deficit hyperactivity disorder, and diagnosed as an adult with post-traumatic stress disorder; he also suffers from ankle arthritis. Unhappy with the side effects of the medications prescribed for them in the past, mother and father obtained recommendations from a medical marijuana clinic to address their physical ailments (that is, mother's seizures and father's arthritis). Mother has no prior criminal convictions, and father has a 2001 conviction for possessing a controlled substance.

In November 2013, mother gave birth to twin boys, D.S. and B.S.[1] In July 2014, someone reported to the Los Angeles County Department of Children and Family Services (Department) that mother and father's apartment smelled heavily of marijuana. The Department visited the apartment. The Department confirmed that the apartment smelled of marijuana, most strongly in the bathroom. Mother and father had covered the apartment's smoke detector with a shower cap, presumably to keep it from going off. Mother and father openly admitted that they were using marijuana medically; positive

---

[1] Mother has two other children by other fathers, and mother's mother has legal guardianship of both; father has two other children by other mothers, and claimed to be still litigating the custody of those children.

2

drug tests confirmed their use. Mother and father explained that they kept the marijuana in the bathroom drawer, although a pipe and grinder were visible on a countertop. They further stated that they would only smoke in the bathroom; and they noted that they would only smoke one at a time while the other parent watched the twins. They indicated that they limited their ingestion to assure they were never "out of it" while caring for the twins. The apartment was well stocked with food, but was cluttered and infested with roaches, although mother and father stated the roaches were part of a complex-wide problem the apartment manager had yet to address. The twins themselves were clean and well cared for; they had no marks or bruises; and their primary pediatrician indicated the twins had no major health concerns and were up to date with their vaccinations.

The Department filed a petition seeking to assert dependency jurisdiction over the twins under Welfare and Institutions Code section 300, subdivision (b)(1),[2] on effectively three grounds: (1) mother and father each have a substance abuse problem that places the twins at substantial risk of serious physical harm (counts 1 and 2); (2) mother and father each suffer from mental illness that places the twins at substantial risk of serious physical harm (counts 3 and 4); and (3) mother and father together maintain a dirty apartment that places the twins at substantial risk of serious physical harm (count 5).

The juvenile court ordered the children detained from mother and father's custody, and subsequently held a hearing to adjudicate the question of dependency jurisdiction. The court dismissed the "dirty apartment" count because the Department, in subsequent visits, found the apartment to be clean. The court sustained jurisdiction on the grounds of substance abuse and mental illness. In support of its ruling, the juvenile court cited its skepticism of the legitimacy of the medical marijuana recommendations (because they were issued by a marijuana clinic's doctors rather than the parents' primary physicians); its concern that the twins were very young; and its finding that the dirty apartment was a symptom of the parents' general, marijuana-induced neglect. At the dispositional

---

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

3

hearing, the court ordered the twins removed from their parents and initiated reunification services. The court subsequently (and while this appeal was pending) placed the twins back with mother and father.[3]

Mother and the minors appeal. Father did not appeal, but the twins independently have standing to challenge the juvenile court's order irrespective of whether either or both parents have appealed. (*In re Caitlin B.* (2000) 78 Cal.App.4th 1190, 1193.)

## DISCUSSION

A juvenile court may assert dependency jurisdiction over a child if the court finds that "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness . . . by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness . . . or substance abuse." (§ 300, subd. (b)(1).) Put differently, this provision requires the Department to prove (1) "neglectful conduct" (in this case, mental illness or substance abuse), (2) causation, and (3) "'serious physical harm or illness' to the minor, or a 'substantial risk' of such harm or illness." (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 820 (*Rocco M.*), quoting § 300, subd. (b)(1); § 355, subd. (a).)

The question presented in this appeal is a narrow one. It is undisputed that mother and father suffer from mental illness. It is also undisputed that mother and father *use* marijuana, although what is required before "substance *use*" qualifies as "substance *abuse*" within the meaning of section 300, subdivision (b)(1), is still unsettled. (Compare *In re Drake M.* (2012) 211 Cal.App.4th 754, 766 (*Drake M.*) [requiring proof of diagnosis by medical professional or proof that parent's use meets definition of "substance abuse" in the Diagnostic and Statistical Manual of Mental Disorders] with *In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1217-1218 (*Christopher R.*) [regarding

---

[3] Although we may not usually take judicial notice of a juvenile court's orders post-dating the appealed order, we do so here for the limited purpose of noting that the challenges in this appeal to the juvenile court's removal orders are now moot.

*Drake M.*'s test as sufficient, but not necessary]; *In re Rebecca C.* (2014) 228 Cal.App.4th 720, 725 (*Rebecca C.*) [same].) It is undisputed that the twins were in good health and showed no signs of abuse or neglect during the time they have been in mother and father's care. (Cf. *In re Troy D.* (1989) 215 Cal.App.3d 889, 904 [child born under influence of drugs ingested by mother].)

Thus, if we assume that mother and father's substance use qualifies as substance abuse, the propriety of the juvenile court's order turns solely on whether there is substantial evidence to support the juvenile court's findings that mother and father's mental illness and substance abuse create a substantial risk of serious physical harm or illness to the twins. We review those findings in the light most favorable to those findings, and draw all inferences to support those findings. (*In re T.W.* (2013) 214 Cal.App.4th 1154, 1161-1162.)

It is well settled that neither a parent's mental illness nor abuse of a legal substance alone establishes that a child is at substantial risk of serious physical harm or illness. (*In re David M.* (2005) 134 Cal.App.4th 822, 830 ["'harm may not be presumed from the mere fact of mental illness of a parent'"], quoting *In re Matthew S.* (1996) 41 Cal.App.4th 1311, 1318; *In re Alexis E.* (2009) 171 Cal.App.4th 438, 453 (*Alexis E.*) ["use of medical marijuana, *without more*, cannot support a jurisdictional finding that such use brings the minors within the jurisdiction over the dependency court, not any more than his use of the medications prescribed for him by his psychiatrist brings the children within the jurisdiction of the court"]; *Drake M.*, *supra*, 211 Cal.App.4th at pp. 764-765, 768 [same]; *In re Destiny S.* (2012) 210 Cal.App.4th 999, 1003 (*Destiny S.*) [same]; *Rebecca C.*, *supra*, 228 Cal.App.4th at p. 728 [same].)

"Something more" is required. (E.g., *Destiny S.*, *supra*, 210 Cal.App.4th at p. 1004.) In most cases, the Department is required to show "an identified, specific hazard" arising from the mental illness or substance abuse; however, where the children are of "tender years," the "finding of substance abuse [and, we will assume for the sake of argument in this case, mental illness] is prima facie evidence of the inability of a parent or guardian to provide regular care resulting in substantial risk of physical harm."

5

(*Drake M.*, *supra*, 211 Cal.App.4th at pp. 766-767; *Rocco M.*, *supra*, 1 Cal.App.4th at p. 824; *Christopher R.*, *supra*, 225 Cal.App.4th at pp. 1216, 1219.)  This presumption of risk can be rebutted by evidence indicating a lack of risk.  (Cf. *Christopher R.*, at p. 1220.)

The trial court's order appears to rest solely on the "tender years" presumption, as there is no evidence showing risk.  This is not a case where the children were old enough to be at risk of grabbing and using the drugs themselves. (See *Rocco M.*, *supra*, 1 Cal.App.4th at p. 825.)  Nor is it a case where the Department provided evidence that the parent's substance abuse led to behavioral changes that adversely affected the parent's ability to care for the children.  (See *In re Stephen W.* (1990) 221 Cal.App.3d 629, 642 [evidence that heroin involuntarily altered parent's behavior]; *Alexis E.*, *supra*, 171 Cal.App.4th at p. 453 [evidence that marijuana caused father in that case to become irritable].)

The Department argues that the trial court's ruling *does* rely on additional evidence, and cites the trial court's references to (1) the twins' exposure to their parents' secondhand marijuana smoke, and (2) the untidiness of the apartment.  But neither consideration is independently sufficient to support a finding of risk.  Although exposure to secondhand marijuana smoke can be considered in conjunction with other risks (*Alexis E.*, *supra*, 171 Cal.App.4th at pp. 452-453), it is not enough by itself.  (*Destiny S.*, *supra*, 210 Cal.App.4th at p. 1104 [so holding, in part because "the logical consequence of the department's argument would be to remove minor children from the houses of all smokers in Los Angeles County—regardless of what they smoke"].)  A dirty home is also insufficient absent further proof that the unsanitary conditions gave risk to "ill effects." (See *In re Paul E.* (1995) 39 Cal.App.4th 996, 1005 ["chronic messiness by itself and apart from any unsanitary conditions or resulting illness or accident, is just not clear and convincing evidence of a substantial risk of harm"], italics omitted; cf. *In re Jeanette S.* (1979) 94 Cal.App.3d 52, 58-59 [child in filthy home lacked a place to sleep, never ate breakfast, and wore clothes soiled with urine; jurisdiction proper]; *In re Susan M.* (1975) 53 Cal.App.3d 300, 306 [child in filthy home was "malnourished, tremendously

dehydrated," "severely anemic, somewhat cyanotic and inflicted with bronchiolitis"; jurisdiction proper].) What is more, the juvenile court's dismissal of the dirty apartment count in this case indicates the unsanitary apartment was no longer an issue, and thus no longer posed any future risk of harm or illness.

The juvenile court's risk finding accordingly rests solely on the tender years presumption, which, as noted above, is sufficient only if unrebutted. In this case, it was rebutted. The evidence indicated that the parents' marijuana use and mental illness did not pose a substantial risk of serious physical harm to the twins because the parents ably cared for the twins for months before the Department became involved: The twins were healthy, had no bruises or marks, and otherwise had a clean bill of health from their doctor. (Cf. *Christopher R.*, *supra*, 225 Cal.App.4th at p. 1220 [presumption not rebutted where parents never previously cared for child].)

Because the juvenile court's jurisdictional order rests on nothing but the rebutted presumption, the jurisdictional order and the dispositional order that followed must be reversed. (*In re James R.* (2009) 176 Cal.App.4th 129, 137.)

## DISPOSITION

The juvenile court's jurisdictional and dispositional orders are reversed.

NOT TO BE PULISHED IN THE OFFICIAL REPORTS.

_____, J.
                        HOFFSTADT

We concur:


_____, P. J.
            BOREN


_____, J.
        ASHMANN-GERST

7