Filed 10/1/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| In re ERNESTO R., A Person Coming Under the Juvenile Court Law. | 2d Juv. No. B255116 (Super. Ct. No. 1435791) (Santa Barbara County) |
| --- | --- |
| CHILD PROTECTIVE SERVICES, Petitioner and Respondent, v. JASMIN R., Respondent and Appellant. | |

An attorney in a dependency case has no obligation to file a futile Welfare and Institutions Code section 388 petition to modify an existing order.[1] The decision not to do so is not a "failure" within the meaning of ineffective assistance of counsel jurisprudence. Use of the word "failure" carries the connotation of deficiency or negligence i.e., not doing something that should have been done.

Jasmin R. appeals from an order terminating her parental rights to her son, one year old Ernesto R., after reunification services were bypassed due to appellant's long term substance abuse. Appellant claims that she was denied effective assistance of counsel because her trial attorney "failed" to file a section 388 petition to modify an order bypassing reunification services. Given appellant's dismal history of parenting two older children who were removed from her custody and care, the filing of such a petition "would have been a classic exercise in futility." (See *People v. Eckstrom* (1974) 43 Cal.App.3d 946, 1003.) We affirm.

_____

[1] All statutory references are to the Welfare & Institutions Code.

1

*Facts & Procedural History*

Child Protective Services (CPS) filed a dependency petition for failure to protect Ernesto. The petition documented appellant's chronic substance abuse and alleged that she had enrolled in four court-ordered drug treatment programs but failed to complete a single program. Appellant was on probation and continued to use drugs while pregnant with Ernesto. Following a June 2013 arrest, appellant was offered the choice of "maxing" out her sentence with jail time or enrolling in an inpatient drug treatment program. She opted for the drug treatment program but suffered a drug relapse. Ernesto was born in August 2013 and tested positive for marijuana.

Appellant was not a stranger in dependency court. She failed to reunify with her two older children. Her child welfare history included a 2009 domestic violence incident in which appellant took an overdose of Soma. Appellant tested positive for amphetamine and was placed on a section 5150 psychiatric hold. Appellant was offered reunification services from March 2009 to March 2011 but was non-compliant. On August 30, 2011, the juvenile court terminated parental rights to appellant's daughter, Lluvia. On October 18, 2011, appellant lost custody of Ernesto's older brother, Zayley, after Zayley tested positive for amphetamine and marijuana at birth. The trial court bypassed reunification services and terminated parental rights as to Zayley in April 2012.

After Ernesto was detained, CPS recommended that services be bypassed due to appellant's chronic substance abuse. Appellant claimed that she was participating in a drug treatment program, attending group meetings, and testing clean for drugs. The trial court concluded that it was too little and too late. It found that appellant had not made reasonable efforts to address the substance abuse problem that led to the removal of Ernesto and that reunification services would not be in his best interests. The court denied reunification services (§ 361.5, subds. (b)(10), (b)(11) & (b)(13)) and set the matter for a permanent placement hearing.

At the contested section 366.26 hearing, CPS reported that Ernesto was adoptable and bonded to his foster parents. Appellant was living at a shelter and receiving an array of services. Although she regularly visited Ernesto, CPS remained

2

concerned about appellant's substance abuse and inability to maintain a sober lifestyle. The section 366.26 report stated that mother "has participated in four court ordered treatment programs since 2008, yet has been unable to maintain long term sobriety. The mother has lost custody of all of her children due to her chronic substance abuse problem. Despite having lost parental rights of two of her children she continued to use illegal substances during her last pregnancy, disregarding the well being of her child."

Appellant filed an "Offer of Proof" claiming that: (1) she never missed a visit with Ernesto; (2) provided food, diapers and clothing during visits; (3) she transported herself to and from visits; (4) Ernesto recognized her and was happy to see her; (5) she provided learning toys for Ernesto; (6) she interacted affectionately with Ernesto; (7) she has been "clean" since June 2013; (8) she graduated from Recovery Way Home, finished a parenting program, completed a Seek and Safety Program, completed a 12-week parenting program, and was enrolled in an individual and group drug treatment program; (9) she obtained a sponsor; (10) she had submitted to drug testing; (11) she attended NA meetings three to four times a week; (12) she was looking for employment; and (13) she had made arrangements with Bridge House for Ernesto to stay with her.

Appellant argued that the beneficial parent-child relationship benefit exception applied. The trial court found that Ernesto was adoptable, that appellant had not met her burden of establishing the beneficial parent-child benefit exception (§ 366.26, subd. (c)(1)(B)(i)), and terminated parental rights.

### Claimed Ineffective Assistance of Counsel

Appellant contends that she was denied effective assistance of counsel because her trial attorney "failed" to file a section 388 petition showing a change of circumstances that would trigger reunification services. To prevail on the claim, appellant must show that counsel's representation fell below an objective standard of reasonableness and resulting prejudice, i.e., had a section 388 petition been filed, it is

3

reasonably probable that it would have been granted.  (*In re Jackson W.* (2010) 184 Cal.App.4th 247, 261; *In re Emilye A*. (1992) 9 Cal.App.4th 1695, 1711.)[2]

A section 388 petition must show a change of circumstances and that modification of the prior order would be in the best interests of the minor child.  (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47; *In re Kimberly F.* (1997) 56 Cal.App.4th 519, 526.)  To support a section 388 petition, the change in circumstances must be substantial.  (*In re Heraclio* (1996) 42 Cal.App.4th 569, 577.)  Appellant's recent sobriety reflects "changing," not changed, circumstances.  (See e.g., *In re Casey D.*, *supra,* 70 Cal.App.4th at p. 49.)  Appellant has a history of drug relapses, is in the early stages of recovery, and is still addressing a chronic substance abuse problem.  (See *In re Kimberly F.* (1997) 56 Cal.App.4th 519, 531, fn. 9 [" 'It is the nature of addiction that one must be "clean" for a much longer period than 120 days to show real reform.' "]; *In re Clifton B.* (2000) 81 Cal.App.4th 415, 423-424 [200 days of sobriety not enough].)  Appellant's completion of a drug treatment program, at this late a date, though commendable, is not a substantial change of circumstances.

Even if there were a change in circumstances, appellant does not explain how reunification services and liberalized visitation would be in Ernesto's best interests.  Ernesto has been in the care of his foster parents for the majority of his life and is bonded to them.  The foster parents have provided a nurturing environment and are committed to adopting him.  Granting a section 388 petition would delay selection of a permanent home and not serve the child's best interests.  (*In re Casey D.,  supra,* 70 Cal.App.4th at p. 47.)  "Childhood does not wait for the parent to become adequate.  [Citation.]"  (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310.)

---

[2] For a witty and insightful view of an appellate attack on the competence of trial counsel, we recommend a reading of *People v. Eckstrom, supra,* 43 Cal.App.3d 996.  There in typical "Gardnerian prose," we find Presiding Justice Gardner at his best.  We reduce it to two simple sentences but it loses something in the translation:  Trial counsel is not required to file a futile motion.  (*Id.,* at p. 1003.)  The decision not to file such a motion is not a denial of the effective assistance of counsel.  (*Id.*, at pp. 1003-1004.)

The factors to be considered in evaluating the child's best interests under section 388 are: (1) the seriousness of the problem that led to the led to the dependency and the reason for any continuation of that problem; (2) the strength of the child's bond with his new caretakers compared with the strength of the child's bond with the parent, and (3) the degree to which the problem leading to the dependency may be easily removed or ameliorated, and the degree to which it actually has been. (*In re Kimberly F., supra,* 56 Cal.App.4th at pp. 531-532.) None of these factors favor the granting of a 388 petition.

*In re Eileen A.*

Citing *In re Eileen A.* (2000) 84 Cal.App.4th 1248 (disapproved on another ground by *In re Zeth S.* (2003) 31 Cal.4th 396, 413-414), appellant contends that she had "nothing to lose" and "had no place to go but up by filing a section 388 petition." But this can be said of any similar case. Crediting appellant's theory would give judicial imprimatur to the filing of unmeritorious section 388 petitions. (*In re Edward H.* (1996) 43 Cal.App.4th 584, 593.)

*Eileen A.* is factually distinguishable and not here controlling. There, reunification services were bypassed after the father severely physically abused the child. Mother did not appreciate the significance of the child's injuries or take the child to a doctor. (*In re Eileen A., supra*, 84 Cal.App.4th, at p. 1252.) The court concluded that mother was denied effective assistance of counsel because her attorney did not file a section 388 petition for services, which in the words of the court would have been "a clear winner." (*Id.*, at p. 1262) Before the section 366.26 hearing, mother divorced father and "initiated what was, in effect, her own reunification plan, including counseling, parenting classes, Al-Anon, and steps to keep [father] out of her life. [Father] - the actual perpetrator of the original abuse - left the picture completely. There clearly was a change of circumstances . . . ." (*Id.*, at p. 1260.) The court acknowledged that the case would be different if mother "was the perpetrator of the abuse . . . . [T]he 'problem' from [mother's] point of view - was one of omission and ignorance. [It is] not in the same category as drug abuse, crime, or being the 'offending parent'. . . ." (*Id.*, at p. 1261.)

5

The instant 388 petition was not a "clear winner." It is a "clear loser" and there is no parental "omission" and "ignorance." Appellant is a chronic drug abuser who chose drugs over her children. She learned nothing from losing her two older children except that she was placed on notice that she could lose custody of newborn children if she continued to abuse drugs. This warning went unheeded. While pregnant with Ernesto, appellant violated probation and used drugs. Ernesto tested positive for THC at birth and has been in a foster home most of his life. He did enjoy supervised visits with appellant. This, however, is not determinative. The trial court found that appellant loved Ernesto but concluded there was no evidence that Ernesto had bonded with appellant or that the parent-child relationship outweighed the benefits of adoption.

Unlike *Eileen A.,* the social worker did not here recommend reunification services. Nor is this a case where the problems leading to the dependency can be easily removed or ameliorated. (See *In re Kimberly F., supra,* 56 Cal.App.4th at p. 532.) Like alcoholism (*In re Marcello B.* (2012) 209 Cal.App.4th 635) chronic drug abuse presents a life-long challenge and may put children of such drug abusers in danger. Appellant has not shown that trial counsel's representation fell below an objective standard of reasonableness and that not filing a section 388 petition prejudiced her. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693].) As indicated, "defense counsel is not required to make futile motions or to indulge in idle acts to appear competent. [Citations.]" (*People v. Torrez* (1995) 31 Cal.App.4th 1084, 1091-1092; see also *People v. Weaver* (2001) 26 Cal.4th 876, 931.) Nor can appellant show that a section 388 petition for services and liberalized visitation would have resulted in a more favorable outcome.

Finally, we observe that a section 388 order for reunification services at this late date would deprive Ernesto of a permanent, stable home in exchange for an uncertain future. *(In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1081.) "Children should not be

required to wait until their parents grow up." (*In re Rikki D.* (1991) 227 Cal.App.3d 1624, 1632.) [3]

The judgment (section 366.26 order terminating parental rights) is affirmed.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

---

[3] Appellant has filed a habeas petition (B256945) alleging the same ineffective assistance of counsel claims  In a separate order, filed concurrently with this opinion, we have denied the petition for writ of habeas corpus.

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Maureen L. Keaney, under appointment by the Court of Appeal, for Appellant.

Michael C. Ghizzoni, County Counsel, County of Santa Barbara, Maria Salido Novatt, Sr. Deputy and Bo L. Bae, Deputy, for Respondent