Filed 6/30/16  In re D.G. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**In re D.G. et al., Persons Coming Under the Juvenile Court Law.**

| | |
|---|---|
| **CONTRA COSTA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,** | **A147242** |
| **Plaintiff and Respondent,** | **(Contra Costa County Super. Ct. Nos. J14-00975 J14-00976, J14-00977)** |
| **v.** | |
| **A.G.,** | |
| **Defendant and Appellant.** | |

_____/

The juvenile court held a combined Welfare and Institutions Code section 388,[1] and permanency planning hearing (§ 366.26, .26 hearing).  The court denied A.G.'s (mother) section 388 petitions and ordered guardianship for three of mother's children, D.G., D.L., Jr., and R.H. (collectively, children).

Mother appeals, contending the court erred by denying the section 388 petitions. We disagree and affirm.

---

[1]  Unless noted, all further statutory references are to the Welfare and Institutions Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

We provide a brief outline of the factual and procedural background and incorporate by reference our opinion denying mother's petition for writ relief (§ 366.26, subd. (*l*)(4)(B)). (*A.G. v. Superior Court* (Oct. 2, 2015, A145817).)

*Detention, Jurisdiction, Disposition, and Six-Month Review*

D.G. was born in 1999. D.L., Jr. was born in 2004. R.H. was born in 2013. In September 2014, the Contra Costa County Department of Children and Family Services (the Department) filed petitions alleging the children came within section 300, subdivisions (b) and (j) because: (1) they witnessed mother being slapped and strangled by various male companions; and (2) R.H. missed numerous "well child checks" and was "not current on his immunizations." Mother had a lengthy criminal history — including arrests for selling and transporting narcotics — and 23 prior child welfare referrals from 1998 to 2014. The court detained the children and ordered supervised visitation for mother.

Mother submitted to the allegations the children witnessed domestic violence, placing them at risk of harm. (§ 300, subds. (b), (j)). At the conclusion of a contested dispositional hearing, the court determined the children came within section 300, removed them from mother's custody, and ordered reunification services. Among other things, the court ordered mother to submit to drug and alcohol testing and to complete an outpatient substance abuse treatment program upon a positive drug test. At the conclusion of the six-month review hearing, the court terminated reunification services and set a .26 hearing for November 2015. The court noted mother "engaged in no services" except visitation and "was actively engaged in drug use and abuse." This court denied mother's petition for writ relief. (*A.G. v. Superior Court* (Oct. 2, 2015, A145817).)

*Combined Section 388 and .26 Hearing*

In October 2015 — almost one year after the children were removed — mother filed three identical section 388 petitions (form JV-180) seeking additional reunification services and "expanded visits" so the children could "be returned to mother's care."

2

Mother alleged she entered a residential substance abuse treatment program "to address the problems which led to court intervention" and she and the children wanted "to be reunited[.]" The petitions attached a letter from the treatment program confirming mother's enrollment and noting the program required "six to twelve months to complete."

The Department opposed the petitions. It noted mother had refused the Department's attempts to "get [mother] into treatment, to drug test, and to address the issues of domestic violence in her life. [Mother] denied that she used illegal substances other than marijuana, failed to register for drug testing, and did not . . . enter[ ] individual therapy or a domestic violence support group." Mother tested positive for illegal substances in June and July 2015 and did not initiate supervised visits until October 2015. The Department acknowledged mother had entered a residential drug treatment program but noted she tested positive for cocaine, opiates, and marijuana in September and October 2015. The Department's .26 reports recommended appointing a guardian for the children and providing mother with supervised visitation.

The court held a combined section 388 and .26 hearing. Mother's counsel argued mother had shown "a significant change compared to her lack of participation before that. So she's definitely turned the corner." Counsel also argued mother had a strong relationship with the children and they would "really benefit from mother having additional services[.]" The court denied the section 388 petitions. The court was "pleased" mother was seeking assistance for her substance abuse problem, but concluded she had not demonstrated a change in circumstances warranting additional reunification services. The court noted mother had "tested positive rather recently[,]" the children had "been dependents of the Court for quite some [ ] time[,]" and "proceed[ing] to permanency" was in their best interest. The court ordered guardianship for the children, with supervised visitation for mother.

## DISCUSSION

Mother contends the court erred by denying her section 388 petitions. "A juvenile court order may be changed, modified or set aside under section 388 if the petitioner establishes by a preponderance of the evidence that (1) new evidence or changed

3

circumstances exist and (2) the proposed change would promote the best interests of the child." (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; § 388, subds. (a)(1), (c)(1)(A).)  It is well-settled that "'[u]p until the time the section 366.26 hearing is set, the parent's interest in reunification is given precedence over a child's need for stability and permanency.'  [Citation.]  'Once reunification services are ordered terminated, the focus shifts to the needs of the child for permanency and stability.'  [Citation.]  'The burden thereafter is on the parent to prove changed circumstances pursuant to section 388 to revive the reunification issue.'"  (*In re Zacharia D.* (1993) 6 Cal.4th 435, 447.)  We will not reverse a denial of a section 388 petition "'unless an abuse of discretion is clearly established.'  [Citation.]  The denial of a section 388 motion *rarely* merits reversal as an abuse of discretion.  [Citation.]"  (*In re Amber M.* (2002) 103 Cal.App.4th 681, 685-686, italics added.)

Mother contends she demonstrated a change in circumstances because she was enrolled in a substance abuse treatment program.  The trial court rejected this argument and concluded mother failed to demonstrate changed circumstances.  We agree with the trial court.  Mother had been using drugs for numerous years and did not enter a substance abuse treatment program until a year after the children were removed.  At best, mother's belated attempt to comply with her case plan by enrolling in a treatment program shows *changing* circumstances, not changed circumstances, and is insufficient to warrant modification under section 388.  Numerous cases support our conclusion.  (*In re Ernesto R.* (2014) 230 Cal.App.4th 219, 223 [no changed circumstances where mother had "a history of drug relapses, [was] in the early stages of recovery, and [was] still addressing a chronic substance abuse problem"]; *In re Marcelo B.* (2012) 209 Cal.App.4th 635, 641-642 [participation in 12-step meetings insufficient evidence of changed circumstances because father already received extensive alcoholism treatment, with no improvement]; *In re Cliffton B.* (2000) 81 Cal.App.4th 415, 423 [seven months of sobriety after long history of drug use did not demonstrate changed circumstances]; *In re*

4

*Casey D.* (1999) 70 Cal.App.4th 38, 49 [denial of section 388 proper where the mother's "circumstances were changing, rather than changed"].)[2]

We conclude the court properly denied mother's section 388 petitions because she failed to establish changed circumstances. Having reached this result, we need not determine whether reinstatement of reunification services would have promoted the children's best interests.

DISPOSITION

The orders denying mother's section 388 petitions and ordering guardianship for the children are affirmed.

---

[2] Mother's claim that she presented "changed circumstances as to the issue of domestic violence" does not alter our conclusion. Mother's purported progress regarding domestic violence does not negate the fact that she made little to no progress overcoming her substance abuse problem.

                                           _____

                                           Jones, P.J.

We concur:


_____

Needham, J.


_____

Bruiniers, J.


A147242

6