Filed 10/23/20  In re H.N. CA3

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| In re H. N., a Person Coming Under the Juvenile Court Law. | C091968 |
| BUTTE COUNTY DEPARTMENT OF EMPLOYMENT AND SOCIAL SERVICES, | (Super. Ct. No. 19DP00167) |
| Plaintiff and Respondent, | |
| v. | |
| S. N., | |
| Defendant and Appellant. | |

Appellant S. N., mother of the minor H. N., appeals from the juvenile court's denial of her petition for modification of the court's order bypassing her for reunification services and setting a termination of parental rights hearing.  (Welf. & Inst. Code,[1]

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

§§ 388, 361.5, subd. (b)(11), 366.26.) Mother contends the juvenile court abused its discretion in denying her petition for modification because she showed both changed circumstances and the proposed modification would be in the minor's best interests. Mother argues, due to the error, she is entitled reunification services or return of the minor. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A

*Section 300 Petition*

On July 8, 2019, mother was arrested for driving erratically at high speeds while minor, then 14 months old, and his older half sibling E. H.[2] were unrestrained in the car. Drug paraphernalia with heroin residue was found within the car accessible to the children, who were extremely dirty. Minor was detained and the Butte County Health and Human Services Agency (Agency) filed a juvenile dependency petition alleging the minor came within the jurisdiction of the juvenile court under section 300, subdivisions (b), (g), and (j). The petition alleged mother had a substance abuse problem dating back to at least 2011 which prevented her from providing a safe and stable home for the minor and contributed to her subjecting the minor "to unsafe driving, as a passenger, in a vehicle on a least two known occasions," for which she was then being held in jail. The petition also alleged, among other allegations, mother's parental rights were terminated in 2015 for the minor's half sibling.

---

[2]    The proceedings below also included the minor's half sibling, E. H., but E. H. is not a subject of the instant appeal.

## B

### *Detention And Jurisdiction Hearings*

On July 15, 2019, the court held a detention hearing and found there was a prima facie showing the minor came within section 300 and ordered him detained and placed with the Agency.

At the jurisdiction hearing on August 21, 2019, mother objected to jurisdiction but presented no evidence or testimony. The court found by a preponderance of the evidence the allegations in the petition true and that the minor comes within section 300, subdivisions (b), (g), and (j). The social worker also noted mother had still not yet engaged in services and the court ordered mother to take a drug test that day, which she failed to appear for.

## C

### *Disposition Hearing*

The Agency's disposition report recommended reunification services not be offered to mother. It asserted the minor and his half sibling were not safe at her home because she had "not demonstrated sobriety or an ability to remain clean and sober to Children's Services, as evidenced by her refusal to test for substances and her failing to appear for all requested substance use testing." Mother had also participated in minimal services and denied any reason for her children's detention. She also failed to consistently appear for weekly visits with the minor and failed to attend eight scheduled meetings with the social worker. The report also described mother's loss of parental rights for another of the minor's half siblings between 2011 and 2015 in Riverside County, involving substance abuse and where mother admitted to having problems with substance abuse since she was 13 years old.

Mother did not appear for the October 28, 2019, contested disposition hearing. Her counsel entered general objections to disposition without presentation of evidence. The court considered the disposition report and found there were no reasonable means by

which the minor could be protected absent removal. It ordered the minor removed from parental custody and bypassed mother for reunification services under section 361.5, subdivision (b)(11) because her parental rights had been permanently severed for another half sibling of the minor and mother had "not made subsequent reasonable efforts to treat the problem that led to the removal." The court also set a section 366.26 hearing for the minor.

## D

### *Section 388 Petition*

On March 4, 2020, mother filed a section 388 petition requesting the court change its October 28 order bypassing reunification services and setting a section 366.26 hearing. The petition asserted she had "always maintained [her] sobriety throughout the case," was getting a place to live, attending support classes, and had visited minor once. The petition requested the court vacate the section 366.26 hearing and provide reunification services.

On May 5, 2020, the court held a combined section 388/366.26 hearing. The Agency's report prepared for the section 366.26 hearing recommended termination of parental rights for similar concerns expressed in the disposition report regarding mother's substance abuse putting minor in danger, failure to engage social workers, and failure to attend or inquire about visitation with minor. The report also concluded minor was an adoptable child and had been with prospective adoptive parents since July 12, 2019. At the hearing, the court judicially noticed the disposition report and its October 28 order and heard testimony from several witnesses.

Sirena Bradley, the minor's primary social worker, testified mother had not visited with the minor nor contacted Children's Services from August 2019 until January 2020 and Children's Services had to put visitation on hold due to mother not consistently attending. Mother did contact Children's Services in January 2020 to set up a visit which occurred in February, where the minor appeared happy to see mother and called her

4

mom. No other visit had occurred since then. Bradley did confirm mother had attended Stepping Stones, a substance abuse treatment program in Butte County, in March, but could not determine for how long. She testified in her opinion it ultimately would not be in minor's best interests to return minor to mother or provide mother reunification services. She said it would be necessary for mother to accept some accountability and mother had last told her she believed her children were illegally detained and she had done nothing wrong. Bradley also said minor is doing very well in his current placement and had a good connection with the potential adoptive family.

Stephani Mayr, E. H.'s social worker, testified she was only able to have fleeting contact with mother. She was not aware of any drug tests the mother failed but she did fail to appear for six of them.

Mother testified she was taking classes for parenting, anger management, and child development, and presented two certificates from these classes; she took these classes online by herself. She also said she had been attending Narcotics Anonymous and Alcoholics Anonymous two to three times a week for "credit." But she was unable to present the logs to those meetings after January 2020 or verification she continued with Stepping Stones, and said she did not have a sober date because she never had a drug problem. She asserted she had been clean from drugs for the last 15 years. Mother also testified to securing a one bedroom residence for her and her kids and is employed taking online surveys. She also said her last visit with minor in February went well and he called her "Mommy."

The court denied mother's 388 petition finding she did not meet her burden in showing a change in circumstances and the request is in the best interest of the child. The court also continued the minor's section 366.26 hearing to June 4, 2020. Mother appealed the court's May 5 order on May 11.

5

DISCUSSION

Mother argues she met her burden for establishing changed circumstances justifying a modification of the court's order bypassing her for reunification services. Mother presented evidence that since the court's order, she had found her own services including attended addiction classes and parenting classes, was employed, and obtained housing. Mother also argues she met her burden proving modification of the order was in minor's best interest. We conclude there was no abuse of discretion.

Section 388, subdivision (a)(1), provides a parent of a dependent child may petition the juvenile court "upon grounds of change of circumstance or new evidence . . . for a hearing to change, modify, or set aside any order of court previously made . . . ." Section 388 permits modification of a dependency order if a change of circumstance or new evidence is shown and if the proposed modification is in the best interests of the minor. (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 526.)

"After the termination of reunification services, the parents' interest in the care, custody and companionship of the child are no longer paramount. Rather, at this point 'the focus shifts to the needs of the child for permanency and stability.' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.) "A court hearing a motion for change of placement at this stage of the proceedings must recognize this shift of focus in determining the ultimate question before it, that is, the best interests of the child." (*Ibid.*) " 'A petition which alleges merely changing circumstances and would mean delaying the selection of a permanent home for a child to see if a parent . . . might be able to reunify at some future point, does not promote stability for the child or the child's best interests.' " (*In re Mary G.* (2007) 151 Cal.App.4th 184, 206.)

The party petitioning for modification has the burden of proof by a preponderance of the evidence. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 48.) A modification petition "is addressed to the sound discretion of the juvenile court and its decision will not be disturbed on appeal in the absence of a clear abuse of discretion." (*In re Jasmone O.*

6

(1994) 8 Cal.4th 398, 415.) Here, the juvenile court found mother had not demonstrated a change in circumstances nor was the proposed modification in the minor's best interests. We find no error.

The court bypassed mother for reunification services under section 361.5, subdivision (b)(11). This section provides reunification services need not be provided if "the parental rights of a parent over any sibling or half sibling of the child had been permanently severed, . . . and that, according to the findings of the court, this parent has not subsequently made a reasonable effort to treat the problems that led to removal of the sibling or half sibling of that child from the parent."

The disposition report, relied on by the court in ordering mother bypassed for reunification services, explained the circumstances leading to the earlier termination of mother's rights for minor's half sibling were based on substance abuse issues mother has had since she was 13 years old. The report also recommended bypass of reunification services because mother denied any reason for her children's detainment, failed to appear for any drug testing, and failed to maintain appointments with the social workers and visitations with minor.

Mother's petition and testimony did not establish a change of the circumstances warranting a modification of the court's order bypassing her for reunification services. Mother instead established the opposite by showing her continued failure to take responsibility for the actions leading to her children's detainment and continued denial of the substance abuse problems that led to the termination of her parental rights for the minor's half sibling and jurisdiction over the minor here.

While mother took one or two online classes, and claimed to have participated in Stepping Stones, NA, and AA meetings, mother could not provide any evidence of continued participation. Moreover, mother qualified her attendance in the substance abuse programs as having been for "credit," she had no "sober date" (because she continued to deny her substance abuse problem), and she could not provide even a single

7

clean drug test to establish her sobriety.  Further, mother had not maintained regular contact with the social workers, and she had taken advantage of visitation with the minor on only one occasion.

In sum, mother failed to establish any change of circumstances, let alone the substantial change required by section 388.  (See *In re Ernesto R*. (2014) 230 Cal.App.4th 219, 223 ["Appellant's recent sobriety reflects 'changing,' not changed, circumstances . . . .  Appellant's completion of a drug treatment program, at this late a date, though commendable, is not a substantial change of circumstances"].)

Because we conclude the juvenile court did not err in finding mother failed to establish a change in circumstances, we need not review her contention with respect to the minor's best interests.

DISPOSITION

The order of the juvenile court is affirmed.


/s/
Robie, J.



We concur:


/s/
Hull, Acting P. J.


/s/
Renner, J.