Filed 5/16/22 In re S.A.R. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re S.A.R. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B314913 (Super. Ct. Nos. J072753, J072244) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY, Petitioner and Respondent, v. N.R. et al., Objectors and Appellants. | |

N.R. (father) appeals from orders of the juvenile court denying his Request to Change Court Order (section 388 petition) (Welf. & Inst. Code, § 388) [1] without an evidentiary hearing, and

---

[1] All further statutory references are to the Welfare and Institutions Code.

terminating parental rights to his now one-year-old daughter, S.A.R. (§ 366.26.) Father contends the juvenile court erred in summarily denying his section 388 petition because it established a prima facie case of changed circumstances or new evidence. He also contends the juvenile court's denial of the petition led to the premature termination of parental rights.

Celine G. (mother) separately appealed the trial court's orders as to S.A.R. and S.A.R.'s half-sister, C.G. However, mother's opening brief does not raise any issues as to either minor child. Instead, she joins in father's arguments as to S.A.R. Accordingly, we construe mother's appeal abandoned as to C.G. (See *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6 [appellate court's review limited to issues that have been adequately raised and supported in appellant's brief].)

We affirm the juvenile court's orders as to S.A.R. Mother's appeal as to C.G. is dismissed.

FACTS AND PROCEDURAL HISTORY

S.A.R. was born in January 2021. At the time of S.A.R.'s birth, mother tested positive for amphetamine and marijuana. S.A.R. also tested positive for amphetamine. The juvenile court detained S.A.R. and placed her in the home of maternal cousin and his wife, who also had placement of S.A.R.'s older half-sister, C.G., due to mother's substance abuse issues.

Father and mother are no strangers to the juvenile dependency system. When S.A.R. was born, mother had an open dependency case and was receiving reunification services for C.G. Father also had an open dependency case and was receiving reunification services for his three children from a prior relationship. However, father and mother struggled to remain sober.

2

Ventura County Human Services Agency filed a new dependency action for S.A.R. for failure to protect (§ 300, subd. (b)), and abuse of a sibling (§ 300, subd. (j)).  At the jurisdiction and disposition hearing, the juvenile court sustained the petition and bypassed reunification services based on father and mother's chronic drug abuse and failure to comply with their prior court-ordered services.  (§ 361.5, subd. (b)(13).)  The juvenile court set the matter for a permanent placement hearing.  (§ 366.26.)

In the meantime, father's supervised visits with S.A.R. were inconsistent.  From February 2021 through May 2021, father attended six visits and missed ten.  Father did not visit S.A.R. from May 2021 to June 2021 because he was incarcerated.  Once visits resumed, father missed two more scheduled visits.

Three days prior to the contested section 366.26 hearing, father filed a section 388 petition for reunification services with S.A.R.  The petition alleged "new information" including father's consistent visitation with S.A.R. for the past two months, father's compliance with the terms of his probation, and father's voluntary entry into the Ventura County Rescue Mission on June 18, 2021, to approximately July 26, 2021.  Father's petition detailed his participation in various programs and random drug testing.  The petition also alleged that reunification services were in the best interest of S.A.R. because father and S.A.R. shared a "deep bond," and services would help father to "further refine his parenting skills to provide stability and safety for [S.A.R.]."

The juvenile court denied the section 388 petition without an evidentiary hearing because the petition did not state new evidence or a change of circumstances and did not promote the best interest of S.A.R.  At the contested section 366.26 hearing, the juvenile court stated that it "did deny father's [section] 388

[petition] summarily." The juvenile court also stated that father "didn't indicate that he was still at the Rescue Mission and told [the court] it was a 90-day program, so . . . [father] still has a ways to go." After hearing testimony, the juvenile court terminated parental rights.

DISCUSSION

Father, joined by mother, contends that the juvenile court erred in denying his section 388 petition without holding an evidentiary hearing, which led to the premature termination of parental rights. There was no error.

*Section 388 Petition*

To be entitled to an evidentiary hearing on a section 388 petition, the parent must make a prima facie showing of (1) a change of circumstances or new evidence, and that (2) modification of the prior order would be in the best interests of the minor child. (*In re Ernesto R.* (2014) 230 Cal.App.4th 219, 223; *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; see Cal. Rules of Court, rule 5.570(d)(1), (e).) A prima facie case is made where the allegations in the petition demonstrate that these two elements are supported by probable cause. (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.) "It is not made, however, if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing. [Citations.] While the petition must be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests. [Citations.]" (*Ibid.*)

We review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250.) "Under this standard of review, we will

4

not disturb the decision of the [juvenile] court unless the [juvenile] court exceeded the limits of legal discretion by making an arbitrary, capricious or patently absurd determination. [Citation.]" (*In re A.S.* (2009) 180 Cal.App.4th 351, 358.)

*The Juvenile Court Did Not Abuse its Discretion in Summarily Denying Father's Section 388 Petition*

Father contends he made a prima facie showing of changed circumstances or new evidence by "participating in multiple classes, counseling, and drug[-]testing." He asserts this was "sufficient to require a full and fair evidentiary hearing on the merits." We disagree. Even accepting and liberally construing the allegations of father's petition, he did not demonstrate probable cause as to either changed circumstances or new evidence, or that providing reunification services would be in S.A.R.'s best interests.

Father has a long history of substance abuse struggles as reflected in the sustained allegations and the court file. He has been using marijuana since he was 14 or 15 years old and became "hooked on" methamphetamine by the time he was 18 years old. His chronic substance abuse has led to multiple arrests and incarceration. It also led to the termination of his reunification services with his three other children during the pendency of this dependency action.

While father's petition asserted new evidence that father was voluntarily seeking treatment, it is not clear whether he continued treatment services after he left the Rescue Mission. Although there is some discrepancy as to the duration of the Rescue Mission's program, whether it is 10 months or 90 days, father's participation in the program for approximately five weeks demonstrates he is still in the early stages of addressing his substance abuse problem. Evidence that a parent has

5

achieved a brief period of sobriety or is in the midst of addressing a chronic substance abuse problem, "though commendable, is not a substantial change of circumstances." (*In re Ernesto R.*, *supra*, 230 Cal.App.4th at p. 223; see *In re Kimberly F.* (1997) 56 Cal.App.4th 519, 531, fn. 9 ["It is the nature of addiction that one must be 'clean' for a much longer period than 120 days to show real reform"]; *In re Cliffton B.* (2000) 81 Cal.App.4th 415, 423-424 [200 days of sobriety not enough]; *In re Angel B.* (2002) 97 Cal.App.4th 454, 463 [parent's sobriety very brief compared to many years of addiction].)

The juvenile court's summary denial of father's section 388 petition on this basis was not an abuse of discretion. (See Cal. Rules of Court, rule 5.570(d)(1) [juvenile court may summarily deny section 388 petition that fails to show a change of circumstances or new evidence that may require a change of order].)

Even if father had demonstrated changed circumstances or new evidence as required, he did not make a prima facie showing that granting reunification services would be in S.A.R.'s best interests. In determining whether the section 388 petition makes a prima facie showing that the proposed order would promote the best interests of the minor child, the juvenile court considers the seriousness of the problem that led to the dependency, the strength of the relationship between S.A.R. and father and S.A.R. and her caretakers, and the degree to which the problem leading to the dependency has been removed or ameliorated. (*In re Kimberly F.*, *supra*, 56 Cal.App.4th at p. 532.)

Here, father continued to abuse drugs and was incarcerated for drug-related probation violations even after the juvenile court exercised its jurisdiction over S.A.R. Father's failure to reunify

with his other three children in March 2021, just two months after S.A.R.'s birth, should have put him on notice that he could lose custody of S.A.R. if he continued to abuse drugs. "This warning went unheeded." (*In re Ernesto R.*, *supra*, 230 Cal.App.4th at p. 225.)

Nonetheless, father contends that it is in the best interests of S.A.R. for the juvenile court to order reunification services because he and S.A.R. share a "deep bond." He points to his visits with S.A.R. and claims he acted in a "parental role" by changing S.A.R.'s diaper, appropriately engaging with her, speaking to her in "sweet words," and soothing her when she cried. Father urges that with more education and support, he can "properly and better parent his child."

But the record shows father's visits with S.A.R., while appropriate, were inconsistent. Moreover, father's long history of relapses and his failure to reunify with his three other children despite having been provided services, belies his contention that reunification services will now help him to be the parent S.A.R. deserves.

Meanwhile, S.A.R. is thriving in the home of her caretakers with whom she has lived her entire life. S.A.R.'s caretakers have provided for her medical and developmental needs, have "expressed their love" for her, and are committed to adopting both S.A.R. and her half-sister, C.G. in order to provide the children with a "loving, safe, and stable home environment." "Childhood does not wait for the parent to become adequate. [Citation.]" (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310.)

The juvenile court did not abuse its discretion in summarily denying father's section 388 petition and terminating parental rights. Because we conclude there was no error in the juvenile

court's denial of father's section 388 petition and termination of parental rights, we need not reach father's contention that the juvenile court violated his due process rights by "premature[ly]" terminating parental rights.  This conclusion also forecloses mother's contention that if the order terminating father's parental rights is reversed, the order terminating mother's parental rights must also be reversed.

DISPOSITION

The orders denying father's section 388 petition and terminating parental rights as to both father and mother are affirmed.  Mother's appeal as to C.G. is dismissed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


8

Tari L. Cody, Judge
Superior Court County of Ventura

_____

Jack A. Love, under appointment by the Court of Appeal, for Appellant, N.R.

Christopher R. Booth, under appointment by the Court of Appeal, for Appellant, Celine G.

Tiffany N. North, County Counsel, Joseph J. Randazzo, Principal Assistant County Counsel, for Petitioner and Respondent.