Filed 5/13/24  In re E.E. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re E.E., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B331640 (Super. Ct. No. 23JV00050) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD PROTECTIVE SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>G.E., et al.,<br><br>    Defendants and Appellants. | |

G.E. (father) and A.B. (mother) appeal from the orders of the juvenile court denying their Welfare and Institutions Code[1]

---

[1] All further statutory references are to the Welfare and Institutions Code.

section 388 petitions and terminating their parental rights.[2] They contend the juvenile court erred when it denied their petitions without a full evidentiary hearing. They also contend the juvenile court erred when it found the parental-benefit exception did not apply. (§ 366.26, subd. (c)(1)(B)(i).) We affirm.

*Facts and Procedural Background*

Father and mother have a long history with the dependency system due to their chronic substance abuse and criminality, including the termination of their parental rights to their older children. In February 2023, Santa Barbara County Child Welfare Services (CWS) detained four-day-old E.E. after she tested positive at birth for amphetamines, methamphetamines, methadone, and fentanyl. Mother admitted to using fentanyl in the days prior to giving birth. E.E. was placed with paternal aunt.

Mother submitted on jurisdiction and agreed to waive her rights. The juvenile court took judicial notice of parents' prior dependency matters and found the allegations in the amended section 300 petition to be true. (§ 300, subds. (b)(1), (j).)

At the disposition hearing, the juvenile court declared E.E. a dependent of the court, bypassed reunification services for both parents pursuant to section 361.5, subdivisions (b)(10), (b)(11), and (b)(13), and set the matter for a section 366.26 hearing.

In September 2023, father and mother each filed a section 366.26 offer of proof asserting the parental-benefit exception applied. They also filed section 388 petitions requesting reunification services. Parents asserted a change in circumstances based on their participation in services, substance

---

[2] Father joins in mother's arguments pursuant to California Rules of Court, rule 8.200(a)(5).

abuse treatment, and parenting classes, among other things. They also asserted E.E. was bonded to parents and would benefit from continuing the relationship.

The juvenile court conducted a hearing on whether to hear evidence of the merits of parents' section 388 petitions. After carefully considering the proposed change of order and hearing argument, the juvenile court denied the petitions holding the parents failed to establish both the change in circumstances and best interest requirements.

The juvenile court proceeded to the section 366.26 hearing. The parties stipulated E.E. was adoptable and that parents had maintained regular visitation. After hearing testimony and considering the evidence presented, the juvenile court found E.E. was likely to be adopted and that parents had not proven the parental-benefit exception applied. The juvenile court terminated father and mother's parental rights.

*Discussion*

Mother appears to challenge the juvenile court's earlier orders as to jurisdiction and disposition. Her challenges are barred because they are untimely. (See Cal. Rules of Court, rule 8.406(a)(1).)

*Section 388 petition*

Father and mother next contend the juvenile court erred by failing to grant a full evidentiary hearing on their section 388 petitions.

To be entitled to an evidentiary hearing on a section 388 petition, the parent must make a prima facie showing of (1) a change of circumstances or new evidence, and that (2) modification of the prior order would be in the best interests of the minor child. (*In re Ernesto R.* (2014) 230 Cal.App.4th 219,

3

223; *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; see Cal. Rules of Court, rule 5.570(d)(1), (e).)

A prima facie case is made where the allegations in the petition demonstrate that these two elements are supported by probable cause. (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.) "It is not made, however, if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing. [Citations.] While the petition must be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests. [Citations.]" (*Ibid.*)

We review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (*In re Angel B.* (2002) 97 Cal.App.4th 454, 460.) Under this standard, we will not disturb the decision of the juvenile court unless the juvenile court exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.) If two or more inferences can reasonably be deduced from the facts, we have no authority to substitute our decision for that of the juvenile court. (*Id.* at p. 319.)

*No Abuse of Discretion*

Father and mother contend the juvenile court abused its discretion when it denied their section 388 petitions because it relied on inapposite caselaw and applied the wrong standard of "preponderance of the evidence" rather than the "prima facie" test. In so doing, they contend the juvenile court deprived them of due process. We disagree.

Although parents are correct that the juvenile court applied the wrong standard, the error was harmless. The juvenile court

4

must hold an evidentiary hearing on a section 388 petition only if the proposed evidence, if credited, might make a difference in the court's ruling. (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912; *In re Edward H.* (1996) 43 Cal.App.4th 584, 593-594.)

Here, it is not reasonably likely that additional testimony would have persuaded the juvenile court to grant parents' petitions. The juvenile court expressly stated that it had "carefully" reviewed parents' section 388 petitions, the court file, and past reports. As the juvenile court explained, even if it were to "find everything true," it still could not find that "extend[ing] permanency," and "delay[ing] [E.E.'s] adoption" so parents could have another "shot" at reunification would be in E.E.'s best interest. Thus, any error was harmless. (Cal. Const., art. VI, § 13.)

Moreover, after the juvenile court has bypassed or terminated reunification services, the focus of the case shifts from the parents' interest in the care, custody, and companionship of the child to the needs of the child for permanency and stability. (*In re Stephanie M., supra*, 7 Cal.4th at p. 317; *In re Angel B., supra*, 97 Cal.App.4th at p. 464.) At this point, there is a rebuttable presumption "that continued foster care is in the child's best interests." (*In re Aaliyah R.* (2006) 136 Cal.App.4th 437, 448.) That presumption is even more difficult to overcome, where as here, the permanent plan is adoption. (*Id.* at pp. 448-449.)

Father contends this presumption is not insurmountable. As to E.E.'s best interests,[3] father contends: (1) he has dedicated

---

[3] Mother did not address the "best interests" prong of the section 388 analysis but joined father's arguments in her reply brief. (Cal. Rules of Court, rule 8.200(a)(5).)

himself to improving his parenting skills, (2) E.E.'s relationship with her caregivers will not be "hurt" by offering parents reunification services because the concurrent planning parent is committed to maintaining parents' relationship with E.E., and (3) father and mother are more than "friendly stranger[s]" because they attended all of E.E.'s medical appointments, cared for her during their visits, changed her diaper, fed her, rocked her, shared "tummy time" with her on the floor, comforted her, and saw to her needs.

In determining whether the section 388 petition makes a prima facie showing that the proposed order would promote the best interests of the minor child, the juvenile court may consider several factors, including the seriousness of the problem that led to the dependency, the strength of the relationship between the minor child to both her parents and her caretaker, and the degree to which the problem leading to the dependency has been removed or ameliorated. (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 530-532.)

Here, father and mother have "extensive" histories of substance abuse and failing to reunify with their children. E.E. was detained from parents at just four days old after she tested positive for multiple substances at birth. She has lived all of her young life with her current caregivers who love her and have provided her with a safe and nurturing home. She is thriving and her caretakers are committed to adopting her. On these facts, the juvenile court did not err in denying parents' section 388 petition without a full evidentiary hearing.

Because we conclude parents did not make a prima facie showing that the requested modification would be in E.E.'s best

6

interest, we need not consider the other prong of the required prima facie showing – a genuine change of circumstances.

*Beneficial Parent-Child Relationship Exception*

Mother, joined by father, contends the juvenile court erred by finding the parental-benefit exception to adoption did not apply.

"'At a permanency plan hearing, the [juvenile] court may order one of three alternatives: adoption, guardianship or long-term foster care. [Citation.] If the dependent child is adoptable, there is a strong preference for adoption over the alternative permanency plans.' [Citation.]" (*In re B.D.* (2021) 66 Cal.App.5th 1218, 1224.)  If the juvenile court finds that the child is adoptable, it must terminate parental rights unless a statutory exception applies.  (§ 366.26, subd. (c)(1).)

One exception to this rule is the parental-benefit exception, which allows the juvenile court to avoid termination if it "finds a compelling reason for determining that termination would be detrimental to the child" because "[t]he parents have maintained regular visitation and contact with the child and the child would benefit from continuing the relationship."  (§ 366.26, subd. (c)(1)(B)(i).)  To avoid termination of parental rights under this exception, a parent must show, by a preponderance of the evidence, three things: (1) regular visitation and contact with the child, (2) the child has a substantial, positive, emotional attachment to the parent—the kind of attachment implying that the child would benefit from continuing the relationship, and (3) termination of the attachment would be detrimental to the child. "When the parent has met that burden, the parental-benefit exception applies such that it would not be in the best interest of the child to terminate parental rights, and the court should select

7

a permanent plan other than adoption." (*In re Caden C.* (2021) 11 Cal.5th 614, 636-637 (*Caden C.*).)

Our review of the juvenile court's ruling on whether the parental-benefit exception applies incorporates two standards of review. (*Caden C.*, *supra*, 11 Cal.5th at pp. 639-641.) We apply the substantial evidence standard to the first two prongs of the exception and abuse of discretion to the third prong. (*Ibid.*)

Here, the parties stipulated that E.E. was adoptable and that for purposes of the parental-benefit exception, the parents had maintained regular visitation and contact. (§ 366.26, subd. (C)(1)(B)(i).) However, the parents failed to satisfy the second two elements.

*Beneficial Relationship*

In determining whether the "'child would benefit from continuing the relationship,'" the focus is on the child. (*Caden C.*, *supra*, 11 Cal.5th at p. 632.) The exception must be examined on a case-by-case basis, taking into account "a slew of factors" which affect a parent/child bond such as, "'[t]he age of the child, the portion of the child's life spent in the parent's custody, the "positive" or "negative" effect of interaction between parent and child, and the child's particular needs.'" (*Ibid.*, quoting *In re Autumn H.* (1994) 27 Cal.App.4th 567, 576.)

Here, the juvenile court acknowledged that father and mother loved E.E. and had a bond with her. But the juvenile court did not find E.E. had a "substantial, positive emotional attachment" to them given her young age and that she has spent all of her life in the care and custody of the resource parent. Instead, parents were "friendly visitors" with whom E.E. enjoyed contact but the relationship did not go beyond that.

We conclude substantial evidence supports the juvenile court's finding as to this element.

*Detriment Caused by Termination*

"When [the juvenile court] weighs whether termination would be detrimental, . . . the question is just whether losing the relationship with the parent would harm the child to an extent not outweighed, on balance, by the security of a new, adoptive home." (*Caden C.*, *supra*, 11 Cal.5th at p. 634.) "'If severing the natural parent/child relationship would deprive the child of a substantial, positive emotional attachment such that,' even considering the benefits of a new adoptive home, termination would 'harm[]' the child, the court should not terminate parental rights." (*Id*. at p. 633.)

Here, the juvenile court properly weighed the benefits of adoption and found no evidence of detriment. On these facts, there was no abuse of discretion.

*Disposition*

The orders denying parents' section 388 petition and terminating parental rights are affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:



GILBERT, P. J.



BALTODANO, J.

9

Gustavo E. Lavayen, Judge
Superior Court County of Santa Barbara
_____

Kate M. Chandler, under appointment by the Court of Appeal, for Defendant and Appellant, father, G.E.

Vincent W. Davis, for Defendant and Appellant, mother, A.B.

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Snr. Deputy County Counsel, for Plaintiff and Respondent.