Filed 5/13/24  In re Bella L. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Bella L., A Person Coming Under the Juvenile Court Law. | 2d Juv. No. B331973 (Super. Ct. No. 22JV00363) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD WELFARE SERVICES,  Plaintiff and Respondent,  v.  T.L.,  Objector and Appellant. | |

T.L. (mother) appeals from the orders of the juvenile court denying her Welfare and Institutions Code[1] section 388 petition without an evidentiary hearing and terminating her parental rights.  We affirm.

---

[1] All further statutory references are to the Welfare and Institutions Code.

*Facts and Procedural Background*

We incorporate by reference our prior nonpublished opinion, which denied mother's petition for extraordinary writ challenging the juvenile court's order bypassing reunification services and setting the matter for a permanency planning hearing pursuant to section 366.26. (*T.L. v. Superior Court* (Aug. 14, 2023, B326173) [nonpub. opn.].) We summarize only those facts necessary to resolve this appeal.

In November 2022, Santa Barbara County Child Welfare Services (CWS) secured a protective custody warrant and detained newborn baby Bella and her four-year-old sister, S.H., after Bella tested positive for amphetamine at birth.[2] CWS filed a dependency petition alleging, among other things: (1) Bella's positive test for amphetamine, (2) mother's positive test for methamphetamine during a prenatal visit in August 2022, (3) mother's admission to using methamphetamine during her pregnancy, (4) mother's "substantial" child welfare history, including the removal and subsequent adoptions of Bella's half siblings, J.L. and M.L. in 2012 and 2018, respectively, and (5) mother's criminal history.

CWS's amended jurisdiction and disposition report recommended mother be bypassed for family reunification services pursuant to section 361.5, subdivisions (b)(10), (b)(11), and (b)(13). CWS cited mother's chronic, long-standing substance abuse, the prior loss of custody of J.L. and M.L., and mother's failure to comply with the court-ordered substance abuse treatment services in J.L.'s case and mother's 2015 criminal court case.

---

[2] Bella's older sister, S.H., is not part of this appeal.

At the contested jurisdiction and disposition hearing in January 2023, the juvenile court found the allegations in the amended petition to be true, bypassed reunification services for mother, and set the matter for a section 366.26 hearing.

Mother filed a petition for extraordinary writ relief challenging the juvenile court's order, which we denied. (*T.L. v. Superior Court*, *supra*, B326173.)

CWS's section 366.26 report recommended parental rights be terminated and requested the permanent plan of adoption be finalized. At the scheduled section 366.26 hearing, mother requested an evidentiary hearing.

In September 2023, prior to the evidentiary hearing, mother filed a section 388 petition requesting reunification services. Mother asserted that after Bella's removal, mother immediately started services at her own expense, completed a drug treatment program, and attended 12-step meetings, among other things. Mother also asserted she had been sober for 10 months, had a well-established relapse prevention plan in place, completed probation and parenting classes, and continued attendance in meetings at least three times per week.

As to Bella's best interests, mother asserted that during their visits, she held Bella, fed her, and constantly spoke to her. Mother asserted that because she had remained sober, employed, and had demonstrated her ability to care for Bella, it would be in Bella's best interests to continue the "familial bond between mother and daughter."

The juvenile court denied mother's section 388 petition without an evidentiary hearing. The juvenile court found no evidence or any offer of evidence in the petition that the proposed modification was in the best interest of the child. As the juvenile

3

court explained, Bella was "very young," had been detained early on, and had no preexisting relationship with mother. The juvenile court concluded, given the "long history here," mother's circumstances "had not changed" but were "changing."

The juvenile court immediately proceeded to the 366.26 hearing. After hearing testimony and considering the evidence presented, the juvenile court found the beneficial parent-child relationship did not apply, terminated parental rights, and selected adoption as the permanent plan.

## *Discussion*

In her opening brief, mother challenges only the juvenile court's decision denying an evidentiary hearing on her section 388 petition.

### *Section 388 petition*

To be entitled to an evidentiary hearing on a section 388 petition, the parent must make a prima facie showing of (1) a change of circumstances or new evidence, and that (2) modification of the prior order would be in the best interests of the minor child. (*In re Ernesto R.* (2014) 230 Cal.App.4th 219, 223; *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; see Cal. Rules of Court, rule 5.570(d)(1), (e).)

A prima facie case is made where the allegations in the petition demonstrate that these two elements are supported by probable cause. (*In re G.B.* (2014) 227 Cal.App.4th 1147, 1157.) "It is not made, however, if the allegations would fail to sustain a favorable decision even if they were found to be true at a hearing. [Citations.] While the petition must be liberally construed in favor of its sufficiency [citations], the allegations must nonetheless describe specifically how the petition will advance the child's best interests. [Citations.]" (*Ibid.*)

4

We review the juvenile court's summary denial of mother's section 388 petition for abuse of discretion. (*In re Angel B.* (2002) 97 Cal.App.4th 454, 460.) Under this standard, we will not disturb the decision of the juvenile court unless the juvenile court exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.) If two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the juvenile court. (*Id.* at p. 319.)

*No Abuse of Discretion*

After the juvenile court has bypassed or terminated reunification services, the focus of the case shifts from the parents' interest in the care, custody, and companionship of the child to the needs of the child for permanency and stability. (*In re Stephanie M.*, *supra*, 7 Cal.4th at p. 317; *In re Angel B.*, *supra*, 97 Cal.App.4th at p. 464.) At this point, there is a rebuttable presumption "that continued foster care is in the child's best interests." (*In re Aaliyah R.* (2006) 136 Cal.App.4th 437, 448.) That presumption is even more difficult to overcome, when as here, the permanent plan is adoption. (*Id.* at pp. 448-449.)

Mother contends evidence of her progress in the programs and continued engagement in services constituted evidence that family reunification services would promote Bella's best interests. Mother also contends she maintained a "close and loving" relationship with Bella, and Bella "undoubtedly had a strong connection" with her as demonstrated by Bella reaching for mother, smiling, allowing mother to soothe her, and falling asleep comfortably in mother's arms.

5

In determining whether the section 388 petition makes a prima facie showing that the proposed order would promote the best interests of the minor child, the juvenile court may consider several factors, including the seriousness of the problem that led to the dependency, the strength of the relationship between the minor child to both her parents and her caretaker, and the degree to which the problem leading to the dependency has been removed or ameliorated. (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 530-532.)

Here, the juvenile court correctly found there was no evidence or "any offer of evidence" to support a finding that granting additional services would be in Bella's best interest. Mother has a "lengthy history of substance abuse." She has completed substance abuse treatment programs in the past and achieved periods of sobriety, but then relapses and continues to use drugs, including while pregnant with Bella.

Additionally, the juvenile court found no preexisting relationship with mother because Bella was detained immediately after her birth. She has lived nearly all of her young life with paternal aunt and uncle who have provided Bella and her half-sister, S.H., with a safe and nurturing home. Bella is thriving and her caretakers are committed to adopting her. On this record, the juvenile court reasonably concluded it was not in Bella's best interests to grant additional services to mother at this "late stage."

Because we conclude mother did not make a prima facie showing that the requested modification would be in Bella's best interest, we need not consider the other prong of the required prima facie showing – a genuine change of circumstances.

*Disposition*

The orders denying mother's section 388 petition and terminating her parental rights are affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

Gustavo E. Lavayen, Judge
Superior Court County of Santa Barbara

_____

Richard B. Lennon, Akila A. Shenoy, under appointment by the Court of Appeal, for Appellant.

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Senior Deputy County Counsel, for Plaintiff and Respondent.